IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DON KING PRODUCTIONS, INC. | : CIVIL NO. 04-1626 (JAF) |
| Plaintiff | : |
| v. | : |
| LOS BOHIOS, et als., | : |
| Defendants | : |

**DEFAULT JUDGMENT**

In the instant case, plaintiff claims that various defendants exhibited his copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against codefendants Alejandro González, Irma de González, their conjugal partnership, and Los Bohíos on March 17, 2005.

After default was entered, plaintiff moved for judgment by default. Plaintiff included a sworn statement by Mr. Carlos Santana, who visited Los Bohíos and defendants' establishment on the day of the fight. He observed forty persons viewing the fight on one television. Plaintiff also included a detailed declaration under penalty of perjury by his attorney that attested to the need for service of summons, the expenses incurred, and the time invested in each case. Finally, plaintiff included a detail of the cost of the summons for each defendant. After examining plaintiff's request for judgment by default, its accompanying documents and the complaint, the Court is ready to render its judgment as to these defendants.

Inasmuch as the aforementioned defendants are in default, this ". . . constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera*, 204

---

[1] Plaintiff requested statutory damages in its complaint.

F.Supp.2d 273, 274-275 (D.P.R. 2002); *Banco Bilbao Vizcaya Argentiara v. Family Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) and *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319 (7th Cir.1983) and *Quirindongo Pacheco v. Rolón Morales*, 953 F.2d 15, 16 (1st Cir.1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge ... has considerable latitude in determining the amount of damages." See, *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993) and *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000. Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), the Court has discretion to increase this to the maximum statutory provision, $100,000, if it finds the violation of copyright was willful and for commercial advantage or private gain. Courts may infer willfulness from defendant's failure to defend itself, see, *Fitzgerald Publishing Co. v. Baylor*, 807 F.2d 1110, 1115 (2d Cir. 1986); *Century ML-Cabe Corp. v. Díaz,* 39 F.Supp.2d 121, 125 (D.P.R. 1999) and *Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983). Moreover, the Court in *Time Warner Cable on New York City v. Georgies Luncheonette, Inc.*, 77 F. Supp.2d 485, 490-91 (S.D.N.Y. 1999) stated, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Given the above, the Court finds that defendants' violations were wilful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages.

Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). Plaintiff's

attorneys are John E. Mudd and Glenn James. Mr. Mudd has more than twenty years' experience in federal litigation and Mr. James has over ten. Therefore, an hourly fee of $200 is not unreasonable. *See*, *Greendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950-51 (1st Cir. 1984); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) and *Mountain Cable Company v. Choquette*, 53 F.Supp.2d 107, 114-15 (D. Mass. 1999).

Given the above, the Court awards plaintiff $110,000 in damages, plus $2,000 in attorneys' fees and $500 in costs, and orders Alejandro González, Irma de González, their conjugal partnership, and Los Bohíos, to jointly and severally pay this amount to plaintiff.

Inasmuch as there are other parties to this litigation, the Court finds that there is no just reason for delay and directs the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in the manner stated above.

In San Juan, Puerto Rico, this 9th day of June 2005.

                                              S/ José Antonio Fusté
                                               JOSE A. FUSTE
                                              U.S. DISTRICT JUDGE